IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 0:04-871-CMC |
| v. | |
| Monticello Tisdale, | Opinion and Order |
| Defendant. | |

Defendant seeks relief in this court pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015), and requests appointment of counsel. ECF Nos. 51, 52. The Government filed a motion to dismiss and memorandum in support. ECF No. 58. The Federal Public Defender filed a supplemental motion to vacate on June 23, 2016. ECF No. 63. The Government thereafter filed a response in opposition and a motion for summary judgment. ECF Nos. 65, 66. Defense counsel filed a reply. ECF No. 71. The court has also received letters in support from Defendant's family members.

I. **Background**

On September 22, 2004, Defendant was charged in a seven count Indictment with the following: four counts of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 (Counts 1, 3, 5, and 7); and three counts of use and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2, 4, and 6). ECF No. 1.

On February 1, 2005, Defendant pled guilty, pursuant to a Plea Agreement, to Counts 2 and 4 of the Indictment: two counts of § 924(c) possession of a firearm in furtherance of a crime of violence, namely Hobbs Act Robbery, one of which took place on February 21, 2004, and the other on February 23, 2004. ECF Nos. 1, 36. Judgment was entered on April 25, 2005. ECF No.

43. Defendant was sentenced to a total term of 360 months, consisting of 60 months as to Count 2 and 300 months as to Count 4, consecutive. *Id.* Defendant did not appeal his convictions or sentence. Defendant's sentence was later reduced to a total term of 262 months. ECF No. 49.

## II. 18 U.S.C. § 924(c)

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. 924(c).

The statute defines a "crime of violence" as:

an offense that is a felony and –
(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause is known as the "force" clause, while the second is the "residual" clause. *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

On June 24, 2019, the Supreme Court decided the residual clause of § 924(c)(3)(B) is void for vagueness. *United States v. Davis*, __ S.Ct. __, 2019 WL 2570623, at *13 (June 24, 2019). In doing so, the Court rejected application of a case-specific approach for § 924(c) and applied the categorical approach. *Id.* at *6-*10.

## III. Discussion

In his supplemental motion, Defendant argues that his § 924(c) convictions cannot stand in the face of the *Johnson* reasoning because his underlying offenses of Hobbs Act Robbery

2

categorically fail to qualify as crimes of violence.[1] ECF No. 63. Specifically, he argues that the *Johnson* reasoning invalidates the residual clause of § 924(c)(3)(B), and his convictions for Hobbs Act Robbery cannot qualify via the force clause in § 924(c)(3)(A). *Id.* In its response, the Government argues Defendant's motion is untimely, these issues are procedurally defaulted and waived, and that Hobbs Act Robbery satisfies the force clause of § 924(c) and the residual clause of § 924(c) is not unconstitutionally vague after *Johnson*. ECF No. 65. In his reply, Defendant argues waiver does not bar this court's consideration of Defendant's motion, procedural default is not applicable, and Hobbs Act Robbery can be committed without violent physical force. ECF No. 71.

The Hobbs Act Robbery statute, 18 U.S.C. § 1951(a), (b)(1), prohibits "obstruct[ing], delay[ing,] or affect[ing] commerce or the movement of any article or commodity in commerce, by robbery . . . ." § 1951(a). It defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." § 1951(b)(1).

---

[1] In Defendant's original *pro se* motion, he argued his indictment was multiplicitous and his counsel was ineffective. ECF No. 51. As noted by the Government, a motion on these grounds is clearly untimely. *See* ECF No. 58. After this response by the Government, Defendant moved to include a "*Johnson*" claim in his § 2255 motion, which was granted, and the Federal Public Defender entered the case regarding this claim. ECF Nos. 61, 62.

3

The overwhelming weight of authority holds that Hobbs Act Robbery is a violent felony under the force clause of § 924(c)(3)(A). While the Fourth Circuit has not yet addressed the issue[2], all other circuits to confront the issue have determined such a conviction is a crime of violence under § 924(c)(3)(A). *See United States v. Jones,* 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Garcia-Ortiz,* 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018); *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Eshetu*, 863 F.3d 946, 955-56 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 144 (3d Cir. 2016) (brandishing in § 924(c) is a crime of violence); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 Fed. Appx. 466, 467-68 (9th Cir. 2016).

---

[2] The Fourth Circuit has two cases pending, which were held in abeyance pending *Davis*, in which the issue of substantive Hobbs Act Robbery and § 924(c) may be addressed. *See United States v. Thorpe*, No. 17-4229; *United States v. Melvin*, No. 17-4236. The Fourth Circuit has also held armed bank robbery and federal carjacking to be crimes of violence for purposes of the § 924(c) force clause. *See United States v. Evans,* 848 F.3d 242, 247-48 (4th Cir. 2017) (holding "the term 'intimidation,' as used in the phrase 'by force and violence or by intimidation' in the carjacking statute, necessarily includes a threat of violent force within the meaning of the 'force clause' of Section 924(c)(3)."); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (A taking by "force and violence, or by intimidation," satisfies the force clause of § 924(c)(3)(A) because "to qualify as intimidation, the degree of 'force' threatened must be violent force – that is, force capable of causing pain or injury."). Although the Fourth Circuit initially held North Carolina robbery not violent, see *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016), that case has been abrogated by *Stokeling v. United States*, __ U.S. __, 139 S. Ct. 544 (2019), as recognized in *United States v. Dinkins*, __ F.3d __, 2019 WL 2722570 (4th Cir. July 1, 2019).

This court agrees with the circuits holding Hobbs Act Robbery qualifies as an underlying crime of violence for purposes of § 924(c)(3)(A). Therefore, Defendant's substantive § 924(c) convictions properly rest upon his substantive Hobbs Act Robbery charges committed the same days.[3]

**IV.** **Conclusion**

Defendant's challenge to his convictions under § 924(c) fails because Hobbs Act Robbery qualifies as an underlying offense for Defendant's § 924(c) convictions under the force clause. Therefore, the Government is entitled to summary judgment (ECF No. 66), and Defendant's § 2255 motion challenging his § 924(c) convictions (ECF No. 63) is dismissed with prejudice.[4]

---

[3] The Government has also argued that Defendant's § 2255 motion should be dismissed as untimely, waived, and/or based on procedural default. However, the court need not reach these arguments, as it has determined that Defendant's convictions for § 924(c) stand.

[4] In addition, as noted above, the Government's motion to dismiss Defendant's original *pro se* motion (ECF No. 58) is granted. Defendant's original motion (ECF No. 51) is dismissed. The court notes ECF No. 52, requesting appointment of counsel, was granted by ECF No. 54.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                                  s/Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  Senior United States District Judge

Columbia, South Carolina
July 18, 2019